[Civ. No. 5549. Second Appellate District, Division Two.—March 28, 1927.]

TORUK MURATA et al., Petitioners, v. VERNON SCHOOL DISTRICT, etc., et al., Respondents.

[1] SCHOOL LAW—ANNEXATION OF SCHOOL DISTRICT TO INCORPORATED CITY—RESIDENCE OF MINORS—STATUS OF SCHOOL DISTRICT—VALIDATING ACT OF 1925 (STATS. 1925, P. 233)—PLEADING.—In a proceeding in *mandamus* to compel the admission of minor petitioners to the public schools of a city school district, which minors reside in a school district which was annexed to an incorporated city, where no change was in fact made in the boundaries of the latter district at the time of the annexation, and after the annexation the territory in which such minors reside continued to be at least *de facto* a part of said school district, and was at all times within one year prior to July 23, 1925, included in such district, and a school tax purporting to be and was for the purposes of said school district levied in the territory in question, a condition exists which exactly and fully meets the provisions of the validating act of 1925 (Stats. 1925, p. 233), declaring that "the boundaries of every school district as established one year prior to July 23, 1925, are confirmed and validated, provided that within such year a school tax for the purposes of such dis-

---

1. See 23 Cal. Jur. 38.

trict has been levied therein"; and the territory in which the petitioners reside is not, therefore, a part of said city school district.

(1) 35 Cyc., p. 1112, n. 21.

PROCEEDING in Mandamus to compel admission of certain minors to public schools of a city school district. Writ denied.

The facts are stated in the opinion of the court.

Thomas V. Cassidy and Emmet H. Wilson for Petitioners.

E'verett W. Mattoon, County Counsel, and Pierce Works, Deputy County Counsel, for Respondents.

CRAIG, J.—This is an original proceeding in *mandamus* to compel the admission of the minor petitioners herein to the public schools of the Vernon City School District.

The following facts are undisputed: The territory in which the petitioners reside was, prior to February 20, 1914, outside of any incorporated city, and situated in what was then known as the Fruitland school district of Los Angeles County. On that date the area involved herein was duly annexed to the city of Vernon, which at that time was, and now is, a city of the sixth class. However, no change was in fact made in the boundaries of the Fruitland school district at the time of the annexation. It is recited in respondents' return: "That at all times referred to herein the said district was, and now is, a duly organized and existing school district of the state of California, and that at all such times the said district was bounded by duly established and existing boundary lines within which, until December 6, 1926, was included the territory involved herein; that within one year prior to July 23, 1925, there was levied in said district, and in the territory involved herein, a school tax which purported to be, and which was, for the school purposes of the said Maywood School District; . . . "

In 1917 section 1576 of the Political Code was amended to provide that "in no instance shall the territory within an incorporated city of the sixth class be in more than one school district." In 1925, a law was enacted (Stats. 1925,

p. 233) declaring that "the boundaries of every school district as established one year prior to July 23, 1925, are confirmed and validated, provided that within such year a school tax for the purposes of such district has been levied therein."

A situation quite similar to that here presented was before us in the case of *Matot* v. *Inglewood School Dist.,* 71 Cal. App. 557 [235 Pac. 667], the only difference in the facts being that in the last-named case the territory involved was annexed to the city of Inglewood after the enactment of the amendment to section 1576.

Petitioners herein urge us to recognize the theory, as they construe the decision in the Matot case, that the territory in the Fruitland school district which was annexed to the city of Vernon became *ipso facto* a part of the Vernon School District, and, further, that this being true, the validating act of 1925 could have no application to such territory.

[1] In view of the undisputed facts as above outlined, it is not material to this decision to determine whether or not the territory involved became *de jure* part of the Vernon School District as argued by petitioners. Since the uncontested facts are that after such annexation this territory continued to be at least *de facto* a part of the Fruitland school district, and was at all times within one year prior to July 23, 1925, included in such district, and a school tax purporting to be and which was for the purposes of said Maywood school district, levied in the territory in question, we have a condition which exactly and fully meets the provisions of the validating act of 1925. It is clear that the last-named act was intended to apply to just such a situation. Had no school tax been levied within the territory involved within the year prior to July 23, 1925, or were any other element lacking from those required by the statute of that date to bring the case within its provisions, it would then be necessary for the determination of the issue presented in the instant proceeding to decide whether or not the territory was annexed to the Vernon School District through the enactment of the statute of 1917; but since the allegations which we have quoted from respondents' return are uncontested and meet all of the requirements of the validating act of 1925, the rights of the parties herein hinge alone

upon the issue thus presented, and the conclusion is inevitable that the territory in which the petitioners reside is not a part of the Vernon School District, and that the writ of mandate should be denied.

The writ is denied.

Thompson, J., concurred.

Presiding Justice Works, being disqualified, did not participate in the foregoing opinion.